IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:01-CR-00206-F-1
No. 5:16-CV-00181-F

| | |
|---|---|
| MARCUS JACKSON,<br>          Petitioner, | )<br>)<br>) |
| v. | )    ORDER<br>) |
| UNITED STATES OF AMERICA,<br>          Respondent. | )<br>)<br>) |

Before the court are the following motions:

(1) the Government's Motion to Dismiss [DE-25] Marcus Jackson's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-13, -15, -18][1];
(2) Jackson's Motion to Amend [DE-28]; and
(3) his Motion to Stay [DE-30].

The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Jackson's Motion to Vacate is DENIED, his Motion to Amend is DENIED, and his Motion to Stay is DENIED.

## I. Factual and Procedural Background

On September 4, 2001, Jackson was charged in a one-count criminal information with armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). *See* Criminal Information [DE-1]. At his arraignment, Jackson pled guilty to the Criminal Information, pursuant to a written plea agreement [DE-4].

Jackson's sentencing was held on January 22, 2002. Jackson was determined to be a

---

[1] Jackson's first two attempts to initiate a claim for relief under 28 U.S.C. § 2255 were non-conforming documents [DE-13, -15]. On May 16, 2016, at the court's direction, Jackson filed a "conforming" motion [DE-18].

career offender[2] based upon a conviction for aggravated assault and two convictions for possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school. *See* PSR at 19, ¶ 85. Jackson was sentenced to 262 month's imprisonment, five years of supervised release, and ordered to pay restitution in the amount of $96,705.47. *See* Am. Judgment [DE-8]. Jackson's sentence was ordered to run concurrently with the sentence imposed in Count One of Case Number 5:00CR172-2F. *See id.* Jackson did not file a direct appeal.

On April 15, 2016, Jackson filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-13, -15, -18]. In his Motion to Vacate, Jackson raises the following issues: (1) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior convictions can no longer serve as predicate offenses for the career offender enhancement; (2) pursuant to *Johnson*, *Welch v. United States*, 136 S. Ct. 1257 (2016), and *Descamps v. United States*, 133 S. Ct. 2276 (2013), his New Jersey controlled substance offenses categorically do not qualify as serious drug offenses; and (3) he is entitled to a sentence reduction under Amendment 599 of the United States Sentencing Guidelines. On June 27, 2016, the Government filed a Motion to Dismiss [DE-25], arguing that Jackson's Motion to Vacate should be dismissed because he has failed to state a claim upon which relief can be granted.

## II. Fed. R. Civ. P. 12(b)(6) Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to

---

[2] A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

2

test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). When considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Motion to Vacate**

**1. The first and second claims of Jackson's Motion to Vacate fail on the merits.**

In his first claim, Jackson argues that in light of *Johnson*, his prior convictions can no longer serve as predicate offenses for the career offender enhancement. Mot. Vacate [DE-18] at 4. Jackson contends in his second claim that pursuant to *Johnson, Welch*, and *Descamps*, his New Jersey controlled substance offenses categorically do not qualify as serious drug offenses. *Id.* at 5.

3

In *Johnson*, the Supreme Court addressed whether increasing a defendant's sentence based on the residual clause, which is contained in 18 U.S.C. § 924(e)(2)(B)(ii), violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Johnson*, 135 S. Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. at 1268.

In this case, even if *Johnson* applied to the Guidelines, Jackson's status as a career offender remains unaffected.[3] Jackson's career offender enhancement under the guidelines was based on two convictions for controlled substance offenses, as well as a conviction for a crime of violence. *See* PSR at 19, ¶ 85. *Johnson* does not impact the validity of Jackson's controlled substance predicates. *See United States v. Peets*, No. 1:08cr465, 2016 WL 6093481, at *2 (E.D. Va. Oct. 18, 2016) ("*Johnson's* holding on the vagueness of the residual clause for crimes of violence is unrelated to sentencing for controlled substance offenses."). Moreover, to the extent that Jackson seeks to challenge some aspect of the two controlled substance offenses, such a claim has been procedurally defaulted.[4] *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an

---

[3] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *Beckles* is on the Supreme Court's argument calendar for November 28, 2016.

[4] As noted, Jackson did not file a direct appeal.

4

appeal.") (internal quotations and citations omitted); *see also United States v. Pettiford*, 612 F.3d 270, 279 n.7 (4th Cir. 2010) (recognizing that a claim challenging predicate offenses for a defendant's classification as an armed career criminal was procedurally defaulted unless the defendant could establish an exception to the procedural bar).

As for *Descamps*[5], Jackson has failed to suggest how that case affects the calculation of his guideline range. Moreover, Jackson cannot raise such a claim at this time. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) ("Barring extraordinary circumstances, [ ] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) ("[E]rrors of guideline interpretation or application ordinarily fall short of a miscarriage of justice."); *see also Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that § 2255 proceedings allow Petitioners to challenge errors that result in the "complete miscarriage of justice," not "ordinary questions of guideline interpretation") (internal quotation marks omitted).

In light of the foregoing, Jackson's first and second claims will be dismissed.

**2. Jackson's third claim fails because there is no basis for the claim.**

In his third claim, Jackson seeks a sentence reduction pursuant to Amendment 599 of the United States Sentencing Guidelines. Mot. Vacate [DE-18] at 6. Specifically, Jackson argues

---

[5] In *Descamps*, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, individual set of elements." 133 S. Ct. at 2282. In particular, "*Descamps* held only that a conviction for burglary under California law does not categorically constitute a conviction for generic burglary, and thus cannot qualify as a predicate offense under the Armed Career Criminal Act ("ACCA") provision that references the generic crime." *United States v. Avila*, 770 F.3d 1100, 1106 (4th Cir. 2014) (citing *Descamps*, 133 S. Ct. at 2293).

5

that he received an enhancement under U.S.S.G. § 2K2.1(b)(5)(6), and this enhancement was accounted for the offenses he violated, 18 U.S.C. §§ 924(c) and 2113(d). *Id.*

Amendment 599 to the United States Sentencing Guidelines alters the commentary to U.S.S.G. § 2K2.4, which governs sentencing for offenses under 18 U.S.C. § 924(c). *See United States v. Williams*, No. 6:07cr01207-GRA-1, 2014 WL 243652, at *2 (D.S.C. May 29, 2014). Contrary to Jackson's argument, he did not receive a sentencing enhancement pursuant to U.S.S.G. § 2K2.1. Rather, Jackson was charged with and pled guilty to only one offense in this case, armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). Jackson's base offense level offense was determined by U.S.S.G. § 2B3.1. *See* PSR at 17, ¶ 69. Moreover, Jackson was not convicted of an offense under § 924(c), and he was not sentenced based on that offense. Thus, Jackson's argument fails, and his third claim will be dismissed.

**B. Motion to Amend**

In his second motion before this court, his Motion to Amend, Jackson seeks to add a claim under *Johnson*. Mot. Amend [DE-28] at 1-4. Jackson specifically argues that following *Johnson*, his conviction for using, carrying, and brandishing a firearm during a crime of violence in related case *United States v. Jackson*, No. 5:00CR176-F, should be invalidated. *Id.* at 2-3.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 Proceedings does not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit Court of Appeals has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198

6

n.15 (4th Cir. 2002). In either case, leave should be freely allowed and should be denied only where there is good reason, such as prejudice to the defendants. *Id.* Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

Even assuming the Supreme Court's decision in *Johnson* applies to § 924(c)'s residual clause, the predicate "crime of violence" for Jackson's § 924(c) conviction was armed bank robbery, in violation of §§ 2113(a) and (d). Bank robbery constitutes a crime of violence pursuant to § 924(c)'s force clause, as opposed to § 924(c)'s residual clause. *See United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (holding that bank robbery, in violation of § 2113(a), is a "crime of violence" within the meaning of the force clause of 18 U.S.C. § 924(c)(3) because it "has as an element the use, attempted use, or threatened use of physical force," namely the taking or attempted taking of property "by force and violence, or by intimidation").

Because *Johnson* provides no relief for Jackson, his proposed amendment would be futile. Accordingly, Jackson's Motion to Amend [DE-28] is denied.

**C. Motion to Stay**

In Jackson's third and final motion before this court, his Motion to Stay, he seeks a stay of his case until the Supreme Court issues a decision in *Beckles v. United States*, 15-8544. The Supreme Court's decision in *Beckles* has no impact on the outcome of this case. Consequently, Jackson's Motion to Stay [DE-30] is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-25] is ALLOWED, Jackson's Motion to Vacate [DE-13, -15, -18] is DENIED, his Motion to Amend [DE-28] is

7

DENIED, and his Motion to Stay [DE-30] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 22 day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge